[Civ. No. 212.   First Appellate District.—August 30, 1906.]

GEORGE DAWSON, Respondent, v. MYRTILE CERF, Appellant.

UNLAWFUL DETAINER—INCREASE OF RENT—MONTHLY TENANCY—PRE-MATURE DEMAND AND SUIT.—The increase of rent under a tenancy from month to month provided for in section 827 of the Civil Code cannot take effect until the expiration of the month. Where notice was given on December 22, 1904, that on and after January 15, 1905, the rent would be an increased monthly sum, payable in advance, and after refusal of tender of the previous rent for the month of January, demand was made for one-half thereof to January 15th, and for the increased rent for the remaining half of that month, or for possession of the premises, such demand, and an action for unlawful detainer begun after three days, on January 9th, were premature, and the plaintiff cannot recover.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

J. L. Burt, for Appellant.

B. L. Quayle, for Respondent.

COOPER, J.—Action of unlawful detainer. Findings were filed, upon which judgment was ordered and entered for

plaintiff for the restitution of the premises described in the complaint, besides rent and costs. This appeal is from the judgment on the judgment-roll with a bill of exceptions. The facts, so far as necessary to be stated, are as follows: In February, 1903, the plaintiff was in possession of a lot on the south side of California street east of Sansome, having a frontage of twenty-three feet on California street by a uniform depth of sixty-six feet, together with the building thereon, 321 California street, under a lease from the Mutual Life Insurance Company of New York, which lease by its terms was to expire on the fifteenth day of March, 1904. During said month, and while plaintiff was so in possession of the premises, he leased or sublet a portion thereof known as the "cigar-stand" to the defendant for the term of one year and one and a half months, from February 1, 1903, to and including the fifteenth day of March, 1904, which was the time when the plaintiff's lease from the insurance company would terminate. The lease to defendant provided that the rent should be $80 per month, payable monthly in advance. The lease contained the following clause: "If said lessor shall hold said premises at No. 321 California street, as tenant or otherwise, after March 15, 1904, it is hereby agreed for the parties hereto, their respective heirs, executors and assigns, that said lessee shall have the privilege of retaining the premises hereby demised upon the same terms and conditions as are herein expressed for such term as said lessee may elect, however not to exceed the term for which said lessor, his heirs, executors or assigns, may hold said premises as aforesaid; and in no event to exceed a period of twenty years from date hereof." Defendant entered into possession and paid his rent according to the terms of his lease up to the termination thereof, and there is no question raised as to the written lease during the time it was in force.

Before the written lease expired, on March 1, 1904, defendant paid to plaintiff the sum of $80, and received from him a receipt of which the following is a copy:

"Rent must be paid                     Mch. 1, 1904.
    in advance.                              $80.

"Received from M. Cerf eighty 0-100 dollars rent of cigar store 321 Cal. St. S. F., from March 1st to April 1st, 1904.
                                   "GEORGE DAWSON."

4 Cal. App.—18

The defendant continued in possession and paid his rent to plaintiff, receiving similar receipts for every month thereafter up to January 1, 1905. During this time no other or different lease had been made. The rent was paid monthly as before and at the same rate provided in the original lease.

On December 22, 1904, the plaintiff served defendant with a notice in writing, of which the following is a copy:

"San Francisco, Cal., December 22, 1904.
"Mr. Myrtile Cerf:
"You will please take notice that on or after January 15, 1905, the rent for the cigar stand at 321 California street, San Francisco, which stand you now occupy, will be one thousand dollars per month, payable, as heretofore, in advance.

"·(Signed)    GEORGE DAWSON,
"321 California street, San Francisco."

On January 3, 1905, the defendant tendered to plaintiff $80 as rent for the month of January, being the amount of rent he had paid under the written lease and the amount he had paid each and every month thereafter, but plaintiff declined to receive the rent so tendered. On the last-named day plaintiff served a written demand upon defendant for $540, rent for January, 1905, consisting of the following items:

"January 1st to January 15th at $80 per month......$ 40.00
January 15th to and including January 31, 1905....500.00

                                                   $540.00"

The demand stated that the defendant was required to pay the said sum of $540 as rent for the month of January, otherwise to surrender possession of the premises. After the expiration of three days, and on January 9, 1905, this action was commenced.

It is not necessary to pass upon the defendant's contention that he had the right, under his written lease, to continue it for such term as he might elect, nor upon the plaintiff's contention that defendant waived his right to another or fixed term by not exercising his right to elect before or at the time of the expiration of the written lease. It may be conceded for the purposes of this case that the plaintiff's contention is

correct to the effect that defendant was holding under a tenancy from month to month, and that his month would expire January 15, 1905, and yet the plaintiff cannot recover in this action. It is provided in section 827 of the Civil Code that in a lease from month to month the landlord may, by giving notice in writing at least fifteen days before the expiration of the month, change the terms of the lease to take effect at the expiration of the month. In this case the plaintiff in his notice took the position that defendant's month would expire, and now contends that it did expire, on January 15, 1905. By the notice the terms of the lease were to be changed from and after January 15th to "One thousand dollars per month payable, as heretofore, in advance." It is therefore evident that until the fifteenth day of January, 1905, the defendant did not owe $1,000 rent for the month commencing January 15, 1905. Nor did he owe $500 for one-half of the month. The terms of the lease were not to be changed until January 15th, at which time the $1,000 was to be due for the month commencing at that time. According to the demand made here $500 was claimed of the defendant before plaintiff claims that the lease had been changed, and not only this, but the suit was commenced before the change of the lease was to take effect. If the notice had stated that the rent would be $1,000 per month payable semi-monthly in advance, the $500 for the latter half of the month of January and the first half of the month under the changed terms of the lease would not have been due until the fifteenth day of January, 1905. At the time this action was commenced the plaintiff had been tendered more than the amount that was due under the tenancy by which the defendant was holding. He could not recover under the changed terms of the lease until it took effect as changed.

The judgment is reversed.

Harrison, P. J., and Hall, J., concurred.